**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-22769-LFL

LINET D. FERRER CHIBAS,

      Plaintiff,

v.

BANYAN HEALTH SYSTEMS,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATIONS</u>

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. Because I find that dismissal of this case is warranted and I do not presently have authority to issue a dispositive order, I am issuing this Report and Recommendation. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court.

For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED**, **without prejudice**.

## II.    DISCUSSION

On April 27, 2026, the Court issued an Order which identified deficiencies in Plaintiff's Complaint and required her to file an amended pleading "by no later than Tuesday, May 26, 2026." (ECF No. 6 at 5). The Order warned Plaintiff that "[t]he failure to **timely** file an amended complaint . . . may result in the dismissal without prejudice of this action for failure to comply with a Court Order." (*Id.*).

To date, Plaintiff has not filed an amended complaint or sought to extend the Court's deadline. "Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure

to comply with the rules or any order of the court." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see also Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

Plaintiff's failure to comply with the Court's Order, (ECF No. 6), or seek an extension of time in which to do so, warrants dismissal of this action without prejudice.[1]

Additionally, and as explained in the April 27th Order, Plaintiff's Complaint (which consists of a partially completed Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and 119 pages of (mostly) medical records) fails to state a claim for relief. Plaintiff left blank many portions of the form, including the section which asked her to explain the grounds supporting her claim. In response to the question "[w]hat are you challenging in this petition[,]" Plaintiff handwrote: "(Meathal Institution) I don't want this. Is dangerous." (ECF No. 1 at 2) (capitalization and typographical errors in original).

Moreover, to the extent Plaintiff seeks *habeas corpus* relief, it is unclear whether she meets the in-custody requirement. *See Ware v. Kilgore*, No. 19-CV-02052, 2020 WL 3022485, at *1 (N.D. Ala. May 7, 2020) ("To satisfy the requirements of § 2241, a petitioner must be in custody, and he must have exhausted all available state court remedies." (citation and internal quotation marks omitted)). Plaintiff initially listed a Cape Coral, Florida mailing address, (ECF No. 1), and later requested to

---

[1] Dismissal "with prejudice" under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). But "[c]ourts are afforded greater discretion in dismissing cases where dismissal is without prejudice." *Holmes v. Campbell*, No. 23-14066-CIV, 2024 WL 1077404, at *3 (S.D. Fla. Feb. 22, 2024) (citing *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011)).

change her mailing address to an apartment in Miami, Florida, (ECF No. 10), these appear to be residential addresses (not government or state-run facilities).

Thus, Plaintiff's Complaint fails to plead a cognizable claim for relief under Rule 12(b)(6). This is an additional ground for dismissal. *See*, *e.g.*, *Mahaffey v. Ocwen Loan Servicing, LLC*, No. 18-CV-0203, 2018 WL 6720505, at *1 (N.D. Ga. Sept. 19, 2018), *report and recommendation adopted*, 2018 WL 6720413 (N.D. Ga. Oct. 22, 2018) (dismissing complaint which failed to state a claim for relief against a defendant after plaintiff failed to amend her defective pleading).

## IV.     RECOMMENDATION

For the above reasons, the undersigned respectfully **RECOMMENDS** that the Court dismiss this action without prejudice.

The Clerk of Court is instructed to mail a copy of this Report and Recommendations to Plaintiff.

A party shall serve and file written objections, if any, to this Report and Recommendations with the assigned United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 2nd day of June, 2026.

_____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

3